**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4781**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DOMINIQUE ANTOINE WOODS, a/k/a Stat, a/k/a Stack,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Terrence W. Boyle,
District Judge.  (4:12-cr-00028-BO-1)

Submitted:  May 13, 2013                Decided:  May 31, 2013

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam
opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dominique Antoine Woods was sentenced to thirty-six months' imprisonment after pleading guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846 (2006). As part of his plea agreement, Woods waived the right to appeal his sentence as long as it did not exceed the Guidelines range established at sentencing. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal but questioning whether Woods' sentence is substantively unreasonable. The Government has moved to dismiss Woods' appeal, asserting that he waived the right to appeal his sentence in the plea agreement. We dismiss in part and affirm in part.

We review de novo whether a defendant has effectively waived the right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). To determine

2

whether a waiver is knowing and intelligent, this court examines the totality of the circumstances, including the defendant's experience, conduct, educational background, and familiarity with the plea agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if a court fully questions a defendant regarding the appellate waiver during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this Court will refuse to enforce an otherwise valid waiver if enforcing the waiver would result in a miscarriage of justice. Id.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Woods knowingly and intelligently agreed to the waiver of appellate rights as set forth in the plea agreement. During the Rule 11 colloquy, the court reviewed the terms of the plea agreement, including the waiver provision, with Woods, and Woods affirmed that he understood those terms. Moreover, Woods does not contest the validity of the waiver either in his Anders brief or in his response to the Government's motion to dismiss. Because Woods challenges the substantive reasonableness of his below-Guidelines sentence, the issue he seeks to raise on appeal falls squarely within the scope of the appellate waiver. Accordingly,

3

we grant the Government's motion to dismiss Woods' appeal of his sentence.

The appellate waiver, however, does not preclude this court's review of Woods' conviction pursuant to Anders.  Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of and determines that the defendant understands: the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).  Additionally, the district court must ensure that the defendant's plea was made freely and voluntarily and was supported by a factual basis. Fed. R. Crim. P. 11(b)(2), (3).

Because Woods did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, the colloquy is reviewed for plain error.  United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002).  To demonstrate plain error, a defendant must show that: (1) there was error, (2) the error was plain, and (3) the error affected his "substantial rights."  United States v. Olano, 507 U.S. 725, 732 (1993).  To establish that a Rule 11 error has affected a defendant's substantial rights, the defendant must "show a reasonable probability that, but for the error, he would not

4

have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). Our review of the record reveals that the district court substantially complied with Rule 11 in accepting Woods' guilty plea. Importantly, the district court properly ensured that Woods' plea was knowing, voluntary, and supported by a sufficient factual basis.

In accordance with Anders, we have reviewed the record in this case and have found no unwaived meritorious issues for appeal. We therefore affirm Woods' conviction.

This court requires that counsel inform Woods, in writing, of the right to petition the Supreme Court of the United States for further review. If Woods requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Woods. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
